Show Hung LAU, et al., Petitioners,

v.

**IMMIGRATION NATURALIZATION AND SERVICES, Respondent.**

Nos. 01–71799, A70–773–852, A70–773–853, A70–773–855.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2002.

Decided Oct. 23, 2002.

## MEMORANDUM *

Show Hung Lau, his wife Mei Hua Chen, and their two children petition for review of the Board of Immigration Appeal's ("BIA") decision dismissing their appeal of an Immigration Judge's order denying their respective asylum applications. We grant the petition. We have jurisdiction under former Section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a) as modified by the transitional rules set forth in Section 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 ("IIRIRA") because the BIA issued its decision after October 31, 1996, and proceedings commenced before April 1, 1997. *Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir. 1997). The parties are familiar with the facts, and therefore we only discuss those necessary to our analysis.

The BIA dismissed petitioners' appeal on adverse credibility determinations concerning Lau's and Chen's respective testimony. We review for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). Where, as here, the court is reviewing the BIA's independent finding, the BIA "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief, and any such reasons must be substantial and bear a legitimate nexus to the finding." *Singh v. INS*, 292 F.3d 1017, 1020 (9th Cir.2002) (quoting *Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996) (citations omitted)).

The record reflects that confusion compounded by documented language difficulties surrounded the questions and answers underlying Chen's testimony, particularly with respect to the number of her pregnancies. Moreover, in concluding that Lau was not credible, the BIA placed great emphasis on a supposed contradiction between Lau's asylum application and his testimony. The BIA stated that his "initial asylum claim was based on the harm [he] suffered when he *protested* against his wife's forced abortion," but that he had not discussed these alleged protests during his testimony before the Immigration Judge. However, the BIA's premise is incorrect. Lau's asylum application made no mention of his having protested the abortion. Finally, because both Chen's and Lau's respective hearings were held together, the translation problems attending Chen's testimony about her pregnancies appear to have impacted the BIA's evaluation of Lau's testimony.

Under these circumstances, we conclude that the BIA's adverse credibility determinations are not supported by substantial evidence. We therefore grant the petition and remand for new asylum hearings applying current law, 8 U.S.C. § 1101(a)(42).

**PETITION GRANTED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.